**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | |
|---|---|
| RANDALL E. BLACKBURN,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF CLEVER, MISSOURI, ERIC BEAUDOIN, KRISTI JACK, WADE PEARCE, and MICHEL HACKWORTH,<br><br>Defendants. | Case No. 6:26-cv-3410-MBB |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

COME NOW Defendants City of Clever, Missouri, Eric Beaudoin, Kristi Jack, Wade Pearce and Michel Hackworth (hereinafter the "Defendants"), by counsel and for their answer and affirmative defenses to Plaintiff's Complaint and Jury Demand ("Complaint"), state and allege as follows:

## I. INTRODUCTION

1. Answering ¶ 1 of Plaintiff's Complaint, Defendants state they are without sufficient knowledge or information to admit or deny the allegations and averments made and contained therein, and therefore the same are denied.

2. Defendants admit ¶ 2 of Plaintiff's Complaint.

3. Answering ¶ 3 of Plaintiff's Complaint, the allegations and averments made and contained therein purport to state legal conclusions to which no response is required. To the extent a response is deemed required, Defendants are without sufficient knowledge

or information to admit or deny the allegations and averments made and contained in ¶ 3 of Plaintiff's Complaint, and therefore the same are denied.

## II. JURISDICTION AND VENUE

4. Answering ¶¶ 4, 5, 6, and 7 of Plaintiff's Complaint, the allegations and averments made and contained therein purport to state legal conclusions to which no response is required. To the extent a response is deemed required, Defendants are without sufficient knowledge or information to admit or deny the allegations and averments made and contained in ¶¶ 4, 5, 6, and 7 of Plaintiff's Complaint, and therefore the same are denied.

## III. PARTIES

5. Answering ¶ 8 of Plaintiff's Complaint, Defendants state they are without sufficient knowledge or information to admit or deny the allegations and averments made and contained therein, and therefore the same are denied.

6. In response to ¶ 9 of Plaintiff's Complaint, Defendants admit the City of Clever, Missouri is a municipal corporation and a political subdivision of the State of Missouri. The remaining allegations contained in ¶ 9 of Plaintiff's Complaint are legal conclusions to which a response is not deemed required. To the extent a response is deemed required, Defendants are without sufficient knowledge or information to admit or deny the allegations and averments made and contained in ¶ 9 of Plaintiff's Complaint, and therefore the same are denied.

7. Defendants admit Eric Beaudoin, at all times relevant to this complaint, was the Mayor of the City of Clever. Defendants are without sufficient knowledge or

information to admit or deny the remaining allegations contained in ¶ 10 of Plaintiff's Complaint, and therefore the same are denied.

8. Defendants admit Kristi Jack, at all times relevant to this complaint, was an Alderman of the City of Clever, Missouri. Defendants deny Kristi Jack was an "Assistant Mayor." Defendants are without sufficient knowledge or information to admit or deny the remaining allegations contained in ¶ 11 of Plaintiff's Complaint, and therefore the same are denied.

9. Defendants admit Wade Pearce, at all times relevant to this complaint, was an Alderman of the City of Clever. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations contained in ¶ 12 of Plaintiff's Complaint, and therefore the same are denied.

10. Defendants admit Michel Hackworth, at all times relevant to this complaint, was an Alderman of the City of Clever. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations contained in ¶ 13 of Plaintiff's Complaint, and therefore the same are denied.

11. Answering ¶ 14 of Plaintiff's Complaint, the allegations and averments made and contained therein purport to state legal conclusions to which no response is required. To the extent a response is deemed required, Defendants are without sufficient knowledge or information to admit or deny the allegations and averments made and contained in ¶ 14 of Plaintiff's Complaint, and therefore the same are denied.

## IV. FACTUAL ALLEGATIONS

12. Defendants admit ¶ 15 of Plaintiff's Complaint.

13. Answering ¶ 16 of Plaintiff's Complaint, the allegations and averments made and contained therein purport to state legal conclusions to which no response is required. To the extent a response is deemed required, Defendants are without sufficient knowledge or information to admit or deny the allegations and averments made and contained in ¶ 16 of Plaintiff's Complaint, and therefore the same are denied.

14. Defendants deny ¶ 17 of Plaintiff's Complaint.

15. Defendants admit ¶¶ 18, 19, and 20 of Plaintiff's Complaint.

16. In answer to ¶ 21 of Plaintiff's Complaint, Defendants deny the grounds cited in ¶ 21 constitute all the grounds for removal. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations contained in ¶ 21, and therefore the same are denied. Answering further, Defendants state the document speaks for itself.

17. In answer to ¶ 22 of Plaintiff's Complaint, Defendants admit the City cited Plaintiff's outside employment as the grounds for Plaintiff's immediate termination. Defendants deny the remaining allegations contained in ¶ 22 of Plaintiff's Complaint.

18. Defendants admit ¶ 23 of Plaintiff's Complaint. In further answer to ¶ 23 of Plaintiff's Complaint, Defendants state the City first communicated its termination of Plaintiff's employment by telephone call on June 23, 2026.

19. In answer to ¶ 24 of Plaintiff's Complaint, Defendants admit following Plaintiff's termination, the City reported Plaintiff's separation from employment to the Missouri Peace Officer's Standards and Training Commission Certification Authority. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations and averments made and contained therein, and therefore the same are denied.

20. Answering ¶ 25 of Plaintiff's Complaint, Defendants state they are without sufficient knowledge or information to admit or deny the allegations and averments made and contained therein, and therefore the same are denied.

21. Defendants deny¶ 26 of Plaintiff's Complaint.

**<u>COUNT I</u>**
**42 U.S.C. § 1983–Deprivation of Procedural Due Process (Fourteenth Amendment) (Against all Defendants)**

22. Answering ¶ 27 of Plaintiff's Complaint, Defendants incorporate by reference their responses to ¶¶ 1-26 of Plaintiff's Complaint as if fully set forth herein.

23. Answering ¶¶ 28, 29, 30, 31, 32, and 33 of Plaintiff's Complaint, the allegations and averments made and contained therein purport to state legal conclusions to which no response is required. To the extent responses are deemed required, Defendants are without sufficient knowledge or information to admit or deny the allegations and averments made and contained in ¶¶ 28, 29, 30, 31, 32, and 33 of Plaintiff's Complaint, and therefore the same are denied.

24. Defendants deny ¶ 34 of Plaintiff's Complaint.

25. Defendants deny Plaintiff is entitled to any judgment or other relief against them herein.

26. Defendants deny each and every allegation and averment made and contained in Count I of Plaintiff's Complaint not specifically admitted or otherwise addressed herein.

27. Defendants incorporate by reference as if fully set forth herein, each and every affirmative defense set forth below.

**COUNT II**
**42 U.S.C. § 1983–Municipal Liability**
**(Against Defendant City of Clever, Missouri)**

28. Answering ¶ 35 of Plaintiff's Complaint, Defendants incorporate by reference their responses to ¶¶ 1-34 of Plaintiff's Complaint as if fully set forth herein.

29. Answering ¶¶ 36, 37, 38, and 39 of Plaintiff's Complaint, the allegations and averments made and contained therein purport to state legal conclusions to which no response is required. To the extent responses are deemed required, Defendants are without sufficient knowledge or information to admit or deny the allegations and averments made and contained in ¶¶ 36, 37, 38, and 39 of Plaintiff's Complaint, and therefore the same are denied.

30. Defendants deny ¶ 40 of Plaintiff's Complaint.

31. Defendants deny Plaintiff is entitled to any judgment or other relief against them herein.

32. Defendants deny each and every allegation and averment made and contained in Count II of Plaintiff's Complaint not specifically admitted or otherwise addressed herein.

33. Defendants incorporate by reference as if fully set forth herein, each and every affirmative defense set forth below.

**COUNT III**
**Declaratory Judgment–Violation of MO. Rev. Stat. §§ 106.273**
**(28 U.S.C. §§ 2201-2202)**
**(Against Defendant City of Clever, Missouri and the Individual Defendants in their Official Capacities)**

34. Answering ¶ 41 of Plaintiff's Complaint, Defendants incorporate by reference their responses to ¶¶ 1-40 of Plaintiff's Complaint as if fully set forth herein.

35. Answering ¶¶ 42 and 43 of Plaintiff's Complaint, the allegations and averments made and contained therein purport to state legal conclusions to which no response is required. To the extent responses are deemed required, Defendants are without sufficient knowledge or information to admit or deny the allegations and averments made and contained in ¶¶ 42 and 43 of Plaintiff's Complaint, and therefore the same are denied.

36. In answer to ¶ 44 of Plaintiff's Complaint, Defendants admit Plaintiff was terminated without a two-thirds (2/3) vote of the governing body and without a hearing noticed for June 29, 2026. The remaining allegations contained in ¶ 44 of Plaintiff's Complaint are legal conclusions to which a response is not required. To the extent a response is deemed required, Defendants are without sufficient knowledge or information to admit or deny the allegations and averments made and contained in ¶ 44 of Plaintiff's Complaint, and therefore the same are denied.

37. Answering ¶ 45 of Plaintiff's Complaint, the allegations and averments made and contained therein purport to state legal conclusions to which no response is required. To the extent a response is deemed required, Defendants are without sufficient knowledge or information to admit or deny the allegations and averments made and contained in ¶ 45 of Plaintiff's Complaint, and therefore the same are denied.

38. Defendants deny ¶ 46 of Plaintiff's Complaint.

39. Defendants deny Plaintiff is entitled to any judgment or other relief against them herein.

40. Defendants deny each and every allegation and averment made and contained in Count III of Plaintiff's Complaint not specifically admitted or otherwise addressed herein.

41. Defendants incorporate by reference as if fully set forth herein, each and every affirmative defense set forth below.

**COUNT IV**
**Equitable Estoppel (Missouri Common Law)**
**(Against Defendant City of Clever, Missouri)**

42. Answering ¶ 47 of Plaintiff's Complaint, Defendants incorporate by reference their responses to ¶¶ 1-46 of Plaintiff's Complaint as if fully set forth herein.

43. Answering ¶¶ 48 and 49 of Plaintiff's Complaint, the allegations and averments made and contained therein purport to state legal conclusions to which no response is required. To the extent responses are deemed required, Defendants are without sufficient knowledge or information to admit or deny the allegations and averments made and contained in ¶¶ 48 and 49 of Plaintiff's Complaint, and therefore the same are denied.

44. Defendants deny ¶ 50 of Plaintiff's Complaint.

45. Answering ¶ 51 of Plaintiff's Complaint, Defendants state they are without sufficient knowledge or information to admit or deny the allegations and averments made and contained therein, and therefore the same are denied.

46. Defendants admit ¶ 52 of Plaintiff's Complaint.

47. Defendants deny ¶¶ 53, 54 and 55 of Plaintiff's Complaint.

48. Defendants deny Plaintiff is entitled to any judgment or other relief against them herein.

49. Defendants deny each and every allegation and averment made and contained in Count IV of Plaintiff's Complaint not specifically admitted or otherwise addressed herein.

50. Defendants incorporate by reference as if fully set forth herein, each and every affirmative defense set forth below.

## V. JURY DEMAND

51. Defendants hereby request a trial by jury of all issues and claims.

## VI. PRAYER FOR RELIEF

52. Defendants deny the Prayer for Relief including all subparagraphs of Plaintiff's Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

53. Defendants state Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action and fails to state a claim upon which relief can be granted such that the same should be dismissed at Plaintiff's costs.

54. Defendants specifically deny Plaintiff's claims are actionable inasmuch as there is no evidence or allegation that the alleged governmental conduct was the result of deliberate indifference by the Defendants.

55. Defendants state, at all times relevant hereto, they were acting under legal authority and in good faith and as such, Plaintiff's claims herein are barred.

56. Defendants, specifically denying Plaintiff's rights were violated, state Plaintiff's claims herein are barred and should therefore be denied and/or dismissed under

the doctrines of waiver, *res judicata,* collateral estoppel, unclean hands, issue preclusion and/or claim preclusion.

57. Defendants state they acted with objective reasonableness under the circumstances then existing, and accordingly the Defendants' conduct was justified and/or authorized and/or permitted under both common law and Missouri statutes.

58. Defendants state Plaintiff's claims herein are barred, in whole or in part, because the alleged acts complained of herein were discretionary in nature and taken in good faith by the Defendants and they are protected from liability by the doctrines of qualified immunity, official immunity, public duty doctrine, absolute legislative immunity and/or judicial immunity.

59. Defendants state they acted with objective reasonableness under the circumstances then existing, and their conduct was justified and/or privileged.

60. Plaintiff's request for punitive damages violates RSMo. § 510.261, effective and governing cases after August 28, 2020.

61. To the extent Plaintiff attempts to seek punitive damages against the Defendants, the Defendants state and allege that Plaintiff is not entitled to any punitive damage award against them for any one or more of the following reasons:

a. The standards by which the Defendants' conduct is to be determined as alleged by Plaintiff is vague and wholly arbitrary, and as such, deny due process in violation of the Fifth and Fourteenth Amendments of the United States Constitution;

b. The standards for determining the amount and/or subsequent imposition of punitive damages are vague, supply no notice to the Defendants of the potential repercussions of their alleged conduct and are subject to the unbridled discretion of the fact finder, thereby denying due process under the Fifth and Fourteenth Amendments of the United States Constitution;

c. Plaintiff's request for punitive damages is criminal in nature and the rights given defendants in criminal proceedings under the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution are applicable;

d. Plaintiff's request for punitive damages constitutes a request for and/or imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution;

e. Plaintiff's request for punitive damages constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution;

f. Plaintiff's request for punitive damages constitutes a denial of equal protection of the law in violation of the Fifth and Fourteenth Amendments of the United States Constitution in that the Defendants' wealth or net worth may be considered by a fact finder in determining the award of damages in a punitive damages award;

g. Plaintiff's request for punitive damages cannot protect the Defendants against multiple punishments for the same alleged wrong, thereby denying due process under the Fifth and Fourteenth Amendments of the United States Constitution;

h. An award of punitive damages would violate the Defendants' due process rights under the United States Constitution as well as be in violation of the United States Supreme Court's decision in *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991);

i. To the extent the Defendants are being sued in their representative or official capacity, Plaintiff is not entitled to any punitive damage award against them because punitive damages may not be awarded against a governmental entity in a claim under 42 U.S.C. § 1983 pursuant to the United States Supreme Court's decision in *City of Newport v. Fact Concerts, Inc*., 453 U.S. 247(1981).

j. To the extent the Defendants are being sued for tort claims under State law, punitive damages against governmental entities are prohibited and/or barred by §537.610 RSMo.

k. An award of punitive damages would violate provisions of the Constitution of the United States, including Article I, Section 8;

l. An award of punitive damages would violate provisions of the Constitution of the United States, including Article I, Section 9;

m. An award of punitive damages would violate provisions of the Constitution, including Article I, Section 10;

n. An award of punitive damages would violate provisions of the Constitution of the United States, including Article III, Section 2;

o. An award of punitive damages would violate provisions of the 1945 Constitution of Missouri, including, but not limited to, Article I, Bill of Rights, Sections 2, 10, 13, 19, 21 and 22.

62. Defendants state Plaintiff's claimed damages should be denied or dismissed based on a failure to mitigate his damages, if any, said damages being specifically denied.

63. This court lacks subject matter jurisdiction Plaintiff's Complaint, pursuant to the doctrine of primary jurisdiction.

64. Plaintiff's Complaint is preempted by the Workers' Compensation Act.

65. Plaintiff's Complaint is preempted by the Missouri Human Rights Act, RSMo. § 213.070.

66. Defendants affirmatively plead that Plaintiff possessed an adequate state remedy for any of the actions allegedly taken by Defendants which prejudiced Plaintiff's due process rights, such that this Court must disavow jurisdiction over this action.

67. Defendants Beaudoin, Jack and Pearce affirmatively plead that they are shielded from liability under the doctrine of qualified immunity. These Defendants also affirmatively plead that they did not violate Plaintiff's constitutional or federally protected rights and/or violate clearly established law(s) of the United States Constitution or other federal law as relevant to Plaintiff and as such, Defendants are immune from Plaintiff's claims brought under 42 U.S.C. § 1983.

68. Defendants affirmatively plead that Plaintiff's Complaint fails to state a cause of action in that no specific facts have been pleaded to demonstrate the existence of

any custom or policy, *de facto* or otherwise, the result of which denied Plaintiff a right secured by the Constitution or laws of the United States.

69. Defendants affirmatively plead that Plaintiff's Complaint is barred because Plaintiff did not exhaust his administrative remedies.

70. Defendants affirmatively plead that Plaintiff's Complaint is barred by the intracorporate conspiracy doctrine.

71. Defendants affirmatively plead that Plaintiff's Complaint is barred because Defendants were officials/agents/employees of the City of Clever, Missouri and therefore were not third parties to Plaintiff's employment with the City of Clever, Missouri.

72. Plaintiff's claims against Defendants in their official capacity are redundant and duplicative of the claims against Defendant City of Clever, Missouri.

73. Plaintiff failed to mitigate his damages.

74. RSMo. § 106.273 violates Article 10, Section 21 of the Missouri Constitution (the "Handcock Amendment").

75. Defendants' actions in regard to terminating Plaintiff's employment without a hearing was based on the advice of legal counsel.

76. The Defendants reserve the right to assert and plead additional affirmative defenses when facts supporting said affirmative defenses become known and available to them.

WHEREFORE, Defendants City of Clever, Missouri, Eric Beaudoin, Kristi Jack, Wade Pearce, and Michel Hackworth having fully answered Plaintiff's Complaint and raised their affirmative defenses, hereby pray the Court to dismiss Plaintiff's Complaint

and award Defendants their costs of this action, and for such other further relief as this Court deems just and proper.

Respectfully submitted,

**FISHER, PATTERSON, SAYLER & SMITH, LLP**

/s/ Paul F. Gordon

Paul F. Gordon MBN 47618
Connor M. Russo MBN 74818
9393 W. 110th, Suite 300
Corporate Woods, Bldg. 51
Overland Park, KS 66210
Telephone: (913) 339-6757
Facsimile: (913) 660-7919
pgordon@fpsslaw.com
crusso@fpsslaw.com
ATTORNEY FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify the above and foregoing was filed with the Court through its electronic filing system on August 24, 2026, with a copy sent via electronic mail to:

Kristi S. Fulnecky #59677
FULNECKY LAW LLC
4316 S. Scenic
Springfield, Mo 65807
Telephone: (417) 882-1044
kristi@fulneckylaw.com
Attorneys for Plaintiff

/s/ Paul F. Gordon
Attorneys for Defendant